# EXHIBIT 1

1/13/2021 10:32 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
111153-CV
Cathy Richard, Deputy

CAUSE NO. 111153-CV
_____

| | | |
|---|---|---|
| **REBECCA LIVOTI** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **ANTHONY LIVOTI, PETER** | § | |
| **CAMMARANO AND CHAPELWOOD** | § | |
| **UNITED METHODIST CHURCH, LAKE** | § | |
| **JACKSON, TX** | § | **OF BRAZORIA COUNTY,** |
| **Defendants.** | § | **TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**NOW COMES** Plaintiff Rebecca Livoti, complaining of Defendants Anthony Livoti, Peter Cammarano and Chapelwood United Methodist Church, Lake Jackson, TX, and for cause of action would show the Court the following:

### DISCOVERY CONTROL PLAN

1. As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

### PARTIES

2. This Petition is filed by Rebecca Livoti, Plaintiff, an individual resident of Texas. The last three digits of Plaintiff's driver's license number are XXX. The last three digits of Plaintiff's Social Security number are XXX.

3. Defendant, Anthony Livoti, is an individual who may be served with process at Defendant's residence by personal delivery at 610 Oyster Creek Dr., Richwood, TX 77531. This Court has jurisdiction over Anthony Livoti because said Defendant is a resident of Texas.

Page **1** of 5

4. Defendant, Peter Cammarano, is an individual who may be served with process at Defendant's place of business by personal delivery at 350 Willow Dr., Lake Jackson, TX 77566. This Court has jurisdiction over Peter Cammarano because said Defendant is a resident of Texas.

5. Defendant, Chapelwood United Methodist Church, Lake Jackson, TX, is a Texas nonprofit corporation and Defendant may be served with process by serving Peter Cammarano, its registered agent, by personal delivery at the registered office located at 300 Willow Dr.., Lake Jackson, Texas 77566. This Court has jurisdiction over Chapelwood United Methodist Church, Lake Jackson, TX because said Defendant is a Texas corporation with its principal office in Brazoria County, Texas.

## VENUE

6. Venue is proper in this county in that Defendants resided in Brazoria County at the time this cause of action accrued.

## JURISDICTION

7. The damages sought in this suit are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## FACTS

8. At all relevant times Plaintiff was employed by Defendant Chapelwood United Methodist Church (Chapelwood) as a pre-school teacher.

9. On or about August 20, 2020, Defendant Anthony Livoti (from whom Plaintiff was recently divorced) posted a video on a widely accessible social media platform in which he stated Plaintiff was "narcissistic, and emotionally/verbally abusive."

10. Upon information and belief, sometime after publication of the video, Defendant Anthony Livoti (who was also employed at Chapelwood) told Plaintiff's supervisor that she had sexually assaulted him, and verbally and mentally abused him.

11. On August 31, 2020 Defendant Chapelwood terminated Plaintiff's employment. The termination letter Chapelwood provided cited Plaintiff's allegedly abusive behavior towards her former husband as a reason for the termination.

12. In a staff meeting on that same day, Defendant Peter Cammarano stated to multiple church employees (many of whom had no affiliation with the church other than their employment) that Mrs. Livoti had been terminated for being "abusive."

13. One of the staff members, who was familiar with Mrs. Livoti's domestic situation and believed the allegation to be false, asked for a meeting with church officials to express her concerns about the falsity of the allegations. In that meeting, attended by Defendant Senior Pastor Peter Cammarano, Associate Pastor Josh Lemons and Preschool Director Jennifer Burkhart, Defendant Peter Cammarano stated to the staff member that Plaintiff had sexually assaulted Defendant Anthony Livoti and was physically, verbally and mentally abusive towards him.

14. Prior to Plaintiff's termination, no one from Chapelwood spoke to her or asked her about the allegations. All of the allegations lodged against Plaintiff are categorically false.

15. In addition, the Chapelwood Teacher Policies and Procedures Handbook (the Handbook) provides that employees are to be paid overtime rates (time and half) in accordance with federal law.

16. Chapelwood failed to pay Plaintiff the promised overtime rate for over 120 hours worked in 2019 and 2020.

**DEFAMATION**

17. All Defendants, who are all non-media defendants, published false statements of fact regarding Plaintiff, who is a private plaintiff. These statements, none of which are of a public concern, were defamatory on their face. With regard to the truth of the statements, all

Defendants acted with either actual malice or negligence. As a result, Plaintiff suffered a pecuniary injury. In addition, Plaintiff's injuries are presumed in that the statements injured Plaintiff in her occupation, and imputes crimes and sexual misconduct on the part of Plaintiff.

18. At all relevant times, Defendant Peter Cammarano was acting within the course and scope of his conduct when he made the false and defamatory statements about Plaintiff. Therefore, Defendant Chapelwood is liable for the defamatory statements under the doctrine of respondeat superior.

## BREACH OF CONTRACT

19. While the employment agreement between Plaintiff and Defendant Chapelwood was "at will," Defendant Chapelwood's promise to pay overtime rates in accordance with federal law constituted a unilateral contract. Once Plaintiff performed in consideration for the promise, Defendant Chapelwood became bound to pay the overtime rates as promised.

20. Defendant Chapelwood's failure to pay Plaintiff overtime rates in accordance with the FLSA constitutes a breach of contract under Texas law. Plaintiff was damaged as a result of Defendants' breach.

## DAMAGES

21. Plaintiff seeks the following damages:

    a. Actual damages, including but not limited to economic damages;

    b. General damages, including but not limited to mental anguish and damage to Plaintiff's reputation;

    c. Special damages, including but not limited to loss of earning capacity, loss of past and future income, loss of employment;

    d. Nominal damages;

    e. Exemplary damages.

## ATTORNEY'S FEES AND COSTS

22. Plaintiff requests judgment for reasonable attorney's fees and costs pursuant to Section 38.001, Texas Civil Practice and Remedies Code.

## JURY DEMAND

23. Plaintiff hereby requests a jury trial and the jury fee is tendered herewith.

## REQUEST FOR DISCLOSURE

24. As provided in Rule 194, Texas Rules of Civil Procedure, Plaintiff requests disclosure of all items listed in Rule 194.2, Texas Rules of Civil Procedure.

## PRAYER

Plaintiff prays that citation be issued commanding Defendants to appear and answer herein and that Plaintiff be awarded judgment against Defendants, jointly and severally, for all damages as set forth above, reasonable and necessary attorney's fees, pre-judgment interest, post-judgment interest, costs of Court and for all other relief to which Plaintiff is entitled both in equity and at law.

Respectfully submitted,

/s/ *Robert A. Whitley*

Robert A. Whitley
Attorney for: Plaintiff
Bar no: 24056522
12621 Featherwood Dr.
Suite 282
Houston, TX 77034
Phone: (281) 741-5225
Fax: (281) 741-9549
Email: robert@whitlegal.com